UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 19-11015-RWZ

SODEXO OPERATIONS, LLC.

v.

DUDLEY ABBE

and

WELLFORCE, INC.,
Intervenor/Party-in-Interest

ORDER

May 31, 2019

ZOBEL, S.D.J.

Plaintiff Sodexo Operations, LLC ("Sodexo"), sued Dudley Abbe (hereinafter "Mr. Abbe" or "defendant"), its former Senior Vice President of Hospitality and Support Services, asserting he breached his non-competition agreement with Sodexo. Wellforce, Inc., Mr. Abbe's current employer, intervened as a defendant.

Plaintiff seeks a temporary restraining order and preliminary injunction prohibiting Mr. Abbe from working for Wellforce in any capacity until January 30, 2020, and from disseminating Sodexo's confidential and proprietary information to Wellforce, its subsidiary Lowell General Hospital and Sodexo's competitor Aramark.

I.      **Factual Background**

Sodexo is a Maryland-based company that provides a range of food and facilities management services to government offices, hospitals, schools, and other institutions. Aramark competes directly with Sodexo.

Over the course of his 31-year career at Sodexo, defendant held several different positions. Of particular relevance to this case, he was in 2005 promoted to Vice President of Patient Experience and signed a Noncompetitive Agreement (the "non-compete"). This non-compete prohibits him, for nine months following his termination, from working for any company that was a customer of Sodexo during the six months preceding his departure, unless his role for that customer would not involve the "Contract Food Service Business" or the "Facilities Management Business."

From 2014 until his recent resignation, Mr. Abbe was the Senior Vice President of Hospitality and Support Services. This job required him to work onsite at Sodexo's client—Lowell General Hospital ("Lowell")—where he supervised all food services, facilities management, and other operations provided under Sodexo's contract with Lowell. Lowell is operated by Circle Health, Inc., which, in turn, is owned by Wellforce—Mr. Abbe's new employer. Wellforce is also the corporate parent for three other health care entities.

On March 29, 2019, defendant resigned from Sodexo to accept the position at Wellforce. His departure from Sodexo coincided with Wellforce's selection of Aramark, over Sodexo, to be the exclusive provider of non-clinical services at all four subsidiary

health care entities, including Lowell.  Sodexo contends Wellforce hired Mr. Abbe to implement and oversee its transition to Aramark, and that his new job responsibilities will overlap significantly with those of his prior role on the Sodexo-Lowell contract.  Both defendants, however, insist that Mr. Abbe will be an executive-level strategic project manager focused on integrating support services across all four Wellforce entities and that he will not work directly with member hospitals such as Lowell.

On April 30, 2019—Mr. Abbe's last day at Sodexo and the day before his intended first day at Wellforce—Sodexo brought this action and simultaneously moved for a temporary restraining order or preliminary injunction to prevent Mr. Abbe from assuming his role at Wellforce.

**II.    Legal Standard**

A preliminary injunction is an extraordinary remedy granted only if the movant demonstrates "(1) a substantial likelihood of success on the merits; (2) a significant risk of irreparable harm if the injunction is withheld; (3) a favorable balance of hardships; and (4) a fit (or lack of friction) between the injunction and the public interest."  Nieves-Marquez v. Puerto Rico, 353 F.3d 108, 120 (1st Cir. 2003).  "The sine qua non of this four-part inquiry is likelihood of success on the merits."  New Comm Wireless Servs., Inc. v. SprintCom, Inc., 287 F.3d 1, 9 (1st Cir. 2002).

As an initial matter, the parties disagree which law governs, that of Massachusetts or that of Maryland, where Sodexo is based.  Because the court's jurisdiction is based on diversity of citizenship, the choice of law rules of Massachusetts

apply.  E.g., Levin v. Dalva Bros., Inc., 459 F.3d 68, 73 (1st Cir. 2006).  Massachusetts courts take a "functional choice-of-law approach that responds to the interests of the parties, the States involved, and the interstate system as a whole."  Bushkin Assocs., Inc. v. Raytheon Co., 473 N.E.2d 662, 668 (Mass. 1985).  In the absence of a contractual provision, Massachusetts applies the law of the state with the most significant relationship to the transaction and the parties.  Id. at 669; see also GES Exposition Servs., Inc. v. Floreano, No. CIV.A. 07-10584-GAO, 2007 WL 4323012, at *1 (D. Mass. Dec. 7, 2007) (applying most significant relationship test and Massachusetts law to challenge to non-compete agreement).  Here, the non-compete does not address the choice of law.  Though Sodexo is a Maryland-based corporation, defendant lived and worked in Massachusetts for his entire 31-year tenure with the company.  In addition, Wellforce and his new position are both located in Massachusetts.  Massachusetts clearly bears the most significant relationship to the alleged breach (Mr. Abbe's resignation from Sodexo and acceptance of a position with Wellforce).  Accordingly, Massachusetts law governs.

Under Massachusetts law,[1] a restrictive covenant in an employment agreement is enforceable "only if it is necessary to protect a legitimate business interest, reasonably limited in time and space, and consonant with the public interest." Boulanger v. Dunkin' Donuts Inc., 815 N.E.2d 572, 576-77 (Mass. 2004) (collecting cases).  Legitimate business interests include the protection of confidential information, goodwill, and trade secrets.  Id. at 578.

---

[1] Because the non-compete agreement was executed prior to October 1, 2018, the Massachusetts Noncompetition Agreement Act does not apply.  Mass. Gen. Laws c. 149, § 24L.

### III.    Analysis

The non-compete agreement provides in relevant part:

> I agree that during the term of my employment by [Sodexo], and for a period of nine (9) months after termination thereof . . . I will not compete with [Sodexo] by directly or indirectly; being employed by or otherwise providing goods or services to any [Corporation, Firm or other person which was then, or at any time within the preceding 6 months of such termination, a customer of [Sodexo]] (unless at all times confined to activities outside the Contract Food Service Business or Facilities Management Business).

Docket # 1-1 ¶ 2, 2(ii.).  Contract Food Service Business and Facilities Management Business is further defined as:

> [T]he installation, ownership, control, management and/or operation of governmental, institutional, hospital, school and college, industrial, commercial and public food supply and food service systems and cafeterias, including manually operated restaurants, cafeterias, public and private clubs, snack bars and other food and beverage dispensing and dining facilities, and automatic cafeterias and is engaged in the housekeeping and linen management, groundskeeping, and maintenance management . . . including the installation, ownership, control, management and/or operation of governmental, institutional, hospital, school and college, industrial, commercial and public systems and facilities.

Id. ¶ 1.

####    A.    Likelihood of Success on the Merits

At the outset, the parties diverge on several key facts, calling into question the basic applicability of the non-compete to Mr. Abbe's role at Wellforce.  For example, the non-compete would only apply if Wellforce was a "customer" of Sodexo during the six months prior to Mr. Abbe's departure.  Yet, according to defendants, Wellforce is not

5

and has never been a "customer" of Sodexo.  Instead, Sodexo contracted directly with Lowell and never provided any services to Lowell's parent company.  Likewise, the parties vigorously dispute whether Mr. Abbe's new role will overlap with his prior one.  Defendants claim that he will be working at an executive and company-wide level to implement the broad integration of Wellforce's four subsidiary healthcare brands.  Because he will be one-step removed from the day-to-day management of the Aramark contract at any specific hospital, his job will not involve the "Contract Food Services" or "Facilities Management" business as defined in the non-compete.  On the other hand, Sodexo contends Mr. Abbe will continue to have precisely the same onsite responsibilities at Lowell as he did for Sodexo; the only difference is the beneficiary of his services will now be Aramark—Sodexo's direct competitor—by virtue of its new relationship with Wellforce.  Both parties appear to be operating in good faith and make arguments that are facially plausible.  At this early stage, such factual disputes reduce Sodexo's likelihood of success on the merits and caution against injunctive relief.  See Rohm & Haas Elec. Materials, LLC v. Elec. Circuits Supplies, Inc., 759 F. Supp. 2d 110, 125 n.107 (D. Mass. 2010) ("[W]hen courts are faced with affidavits at odds and must make a credibility determination between them, courts generally do not issue a preliminary injunction, but rather leave the issue for a jury to resolve.").

Even if Mr. Abbe's new role at Wellforce fell within the plain language of the non-compete, it is not clear that the non-compete could be enforced against him in this context.  First, Massachusetts only enforces non-compete agreements that are tailored to protect a legitimate business interest such as confidential information, goodwill or

trade secret(s).  Yet, apart from asserting that "Sodexo has established substantial goodwill and competitive advantage among its customers and clients," and "Sodexo's confidential and proprietary information are extremely valuable assets" that are "not generally known in the industry and . . . not readily ascertainable by others," Sodexo does not explain what this goodwill and confidential information comprises or how it derives its protected status.  Docket # 4 at 3.  These conclusory declarations are not enough to support a legitimate business interest that would justify enforcement of the non-compete.  See Rohm & Haas Elec. Materials, LLC, 759 F. Supp. 2d at 125 (finding plaintiff unlikely to succeed on the merits and non-competition provision unenforceable because plaintiff "does not provide evidence or sufficiently explain how the information in Defendant's possession constitutes protected trade secret or confidential trade information" and "conclusory statements" are not enough to establish a legitimate business interest).  This lack of specificity, too, dampens the likelihood of plaintiff's success on the merits.

   Finally, the changed circumstances doctrine further jeopardizes the enforceability of the non-compete.  Massachusetts courts are hesitant to grant injunctive relief where the institution of a non-competition provision precedes material changes in the employment relationship.  See KNF & T Staffing, Inc. v. Muller, No. SUCV201303676BLS1, 2013 WL 7018645, at *3 n.4 (Mass. Super. Oct. 24, 2013) (collecting cases).  Defendants make a credible argument that there were several material changes in Mr. Abbe's compensation and job responsibilities between 2005, when he signed the non-compete, and 2019, when he resigned from Sodexo.  Indeed,

when in 2014 he began overseeing the Sodexo-Lowell contract, Sodexo allegedly presented him with a new offer letter that made no reference to the non-compete he had signed nine years prior.  Though the court cannot make fact or credibility determinations at the preliminary injunction stage, defendants' material change argument casts doubt on plaintiff's likelihood of success on the merits and is one more reason injunctive relief would be inappropriate here.

## IV.    Conclusion

Because Sodexo has failed to demonstrate a likelihood of success on the merits of its breach of contract claim, the remaining non-merits preliminary injunction factors are but "matters of idle curiosity" and need not be addressed.  New Comm Wireless, 287 F.3d at 9.  Sodexo's motion (Docket # 3) is denied.

|  |  |
|---|---|
| \_\_\_\_May 31, 2019\_\_\_\_ | _____/s/Rya W. Zobel_____ |
| DATE | RYA W. ZOBEL |
|  | SENIOR UNITED STATES DISTRICT JUDGE |